Abraham N. Geller, J.
Defendant’s motion, made when this case was called for trial, for a preliminary hearing by the court of the issue of “ identification ” must be denied, since there is no issue of identification under the circumstances here involved as to which a preliminary hearing could serve any purpose.
The motion has been made in reliance upon, but without a clear understanding of, the recent decisions of the Supreme Court of the United States on the subject of extrajudicial identifications (United States v. Wade, 388 U. S. 218; Gilbert v. California, 388 U. S. 263; Stovall v. Denno, 388 U. S. 293).
It is clear from those decisions that a hearing is required where the issue is raised with respect to a confrontation arranged for the purpose of identification of defendant by the victim or witnesses, whether it be in the form of a lineup or single exhibition. The issue to be determined upon such a hearing is whether defendant’s due process rights have been violated in that such identification confrontation took place without notice to and in the absence of defendant’s counsel, where under the circumstances notice to counsel should be deemed to have been required, or that the manner of the confrontation was unnecessarily suggestive and conducive to mistaken identification. If the court should find a violation of defendant’s due process rights with respect to such an identification procedure, the People would *673 then be given the opportunity to establish at the hearing by clear and convincing evidence that the in-court identification (to be made at the trial) was based on observations of the suspect other than the invalid lineup or single confrontation and had an independent source. The function of the court upon such a preliminary hearing is restricted to a determination as to whether evidence at the trial would be admissible regarding in-court identification and the prior identification at the lineup or single confrontation.
Here, however, there is no issue of violation of defendant’s rights with regard to identification. Indeed, there was no “ identification” within the meaning and application of these recent Supreme Court decisions. Here, about a week after the date of the alleged robbery, the victim happened to be at the outpatient-clinic of a hospital and saw a man, the defendant herein, whom she then had arrested as the man who she said had committed that crime. Whether or not defendant is the perpetrator of the crime is a matter for the jury, as part of its function to determine the facts and render a verdict of guilty or not guilty. The court may not decide whether the victim was or was not correct in identifying defendant as the perpetrator of the crime; that is a fact question for the jury embraced in the issue of guilt. Since the identification here was not an arranged confrontation but rather a spontaneous or accidental meeting, no question of due process rights can arise under such circumstances and no possible function can be served by a preliminary hearing. In fact, there would be no determination that the court could make as the result of such a hearing.